MILBERG LLP
JEFF S. WESTERMAN (SBN 94559)
jwesterman@milberg.com
300 South Grand, Suite 3900
Los Angeles, California 90071
Telephone:  (213) 617-1200
Facsimile:  (213) 617-1975

MARKUN ZUSMAN & COMPTON LLP
JEFFREY K. COMPTON (SBN 142969)
jcompton@mzclaw.com
WILLIAM A. BAIRD (SBN 192675)
tbaird@mzclaw.com
17383 Sunset Boulevard, Suite A380
Pacific Palisades, California 90272
Telephone:  (310) 454-5900
Facsimile:  (310) 454-5970

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

SACV11-00151 AG (JCx)

| | |
|---|---|
| IAN DELIZO, an individual, | Case No. |
| Plaintiff, | **CLASS ACTION** |
| vs. | COMPLAINT FOR: |
| POWER BALANCE LLC, a Delaware Limited Liability Company and DOES 1 through 100, inclusive, | 1.  UNFAIR BUSINESS PRACTICES (California Business & Professions Code § 17200 *et seq.*) |
| Defendants. | 2.  FALSE ADVERTISING (California Business & Professions Code § 17500 *et seq.*) |
| | 3.  VIOLATIONS OF CONSUMERS LEGAL REMEDIES ACT (California Civil Code §§ 1750 *et seq.*) |
| | **DEMAND FOR JURY TRIAL** |

# TABLE OF CONTENTS

**Page**

JURISDICTION AND VENUE ........................................................................ 1

NATURE OF ACTION .................................................................................. 1

PARTIES ...................................................................................................... 3

THE FACTS .................................................................................................. 4

CLASS ACTION ALLEGATIONS ................................................................ 9

COUNT I
    FALSE AND MISLEADING ADVERTISING IN VIOLATION OF
    BUSINESS & PROFESSIONS CODE § 17200 *et seq.* ............................. 12

COUNT II
    FALSE AND MISLEADING ADVERTISING IN VIOLATION OF
    BUSINESS & PROFESSIONS CODE § 17500 *et seq.* ............................. 15

COUNT III
    VIOLATION OF CALIFORNIA CIVIL CODE § 1750 *et seq.* ................. 17

PRAYER FOR RELIEF .............................................................................. 18

DEMAND FOR JURY TRIAL .................................................................... 19

COMPLAINT FOR UNFAIR BUSINESS PRACTICES, FALSE ADVERTISING,
VIOLATIONS OF CONSUMERS LEGAL REMEDIES ACT

DOCS\544725v1

Plaintiff Ian Delizo ("Plaintiff") brings this consumer class action on behalf of himself and all other similarly situated consumers throughout the United States, against the Defendant Power Balance ("Defendant"), and alleges upon information and belief as follows:

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §1332(d)(2), the Class Action Fairness Act.  The matter in controversy exceeds the sum or value of $ 5,000,000, exclusive of interest and costs, and two-thirds or more of the members of the proposed Classes are citizens of a State different from Defendant.

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this District, including, inter alia, marketing and selling of Defendant's product to Plaintiff and the Class he seeks to represent in the County of Los Angeles.

3.     Defendant is also subject to personal jurisdiction in this District because it has intentionally availed itself of the laws and markets within this District so as to render the exercise of jurisdiction over it by this District Court consistent with traditional notions of fair play and substantial justice.

## NATURE OF ACTION

4.     Defendant Power Balance LLC ("Power Balance") was founded in 2007.  Defendant markets, sells, and distributes Power Balance bracelets, pendants, and other trinkets (collectively "Power Balance jewelry") in multiple markets throughout the United States and the world.

5.     Power Balance jewelry contains a Mylar hologram.   Defendant deceptively alleges that this Mylar hologram reacts with the user's natural energy

COMPLAINT FOR UNFAIR BUSINESS PRACTICES, FALSE ADVERTISING,
VIOLATIONS OF CONSUMERS LEGAL REMEDIES ACT

DOCS\544725v1

flow, resulting in the user experiencing improved strength, balance, flexibility, and/or athletic performance.

6.     In its marketing, sale, and distribution of Power Balance jewelry, Defendant employed a practice of using false, deceptive, or misleading conduct. This false, deceptive, or misleading conduct was employed for the purpose of convincing consumers that the Power Balance Mylar hologram produced physiological benefits for the user.   The message was communicated to the consumer through product packaging, paid spokesmen, the Power Balance website, in-store displays, live demonstrations, press releases, and various forms of other marketing.

7.     Defendant's false, deceptive, or misleading conduct was successful in generating an incredible demand for Defendant's products.  Plaintiff is informed and believes and thereon alleges that Defendant sold over three million units in less than three years.  At retail prices ranging from $29.95 to $79.95 per item of Power Balance jewelry, Defendant's acts have resulted in a windfall of revenue at the hands of consumers.  According to the Associated Press, Defendant generated over $35 million in sales in 2010.

8.     On or about December 22, 2010, Defendant issued a statement in response to an investigation into Defendant's advertising campaign by the Australian Competition and Consumer Commission, which stated:

"In our advertising we stated that Power Balance wristbands improved your strength, balance and flexibility."

"We admit that there is no credible scientific evidence that supports our claims and therefore we engaged in misleading conduct in breach of § 52 of the Trade Practices Act 1974."

"If you feel you have been misled by our promotions, we wish to unreservedly apologize and offer a full refund."

COMPLAINT FOR UNFAIR BUSINESS PRACTICES, FALSE ADVERTISING,
VIOLATIONS OF CONSUMERS LEGAL REMEDIES ACT

DOCS\544725v1

9.      Defendant's publication of this statement acknowledges that its representations of improved strength, balance, flexibility, and/or athletic performance were false, misleading, or deceptive.  Defendant had no reasonable ground for making the representations repeated herein aside from intentionally and fraudulently inducing Plaintiff and the Class he seeks to represent into purchasing its products.

10.      Defendant continues to mislead the American public by asserting that its products cause certain physiological benefits, when, in actuality, Power Balance jewelry provides no physiological benefit to the user.

11.      In reliance on Defendant's unfair, deceptive, false, and/or misleading practices in the sale, promotion, distribution, advertising, and marketing of its products, Plaintiff and the Class he seeks to represent purchased Power Balance jewelry.

12.      Plaintiff hereby brings this class action seeking redress for Defendant's unfair business practices, false or deceptive or misleading advertising, and violations of the Consumers Legal Remedies Act ("CLRA").

## PARTIES

13.      Plaintiff Ian Delizo ("Plaintiff") is and at all relevant times was an individual consumer residing in Los Angeles County, California.  During the applicable class period, Plaintiff Ian Delizo purchased a Power Balance bracelet from the website www.PowerBalance.com and had it shipped to his residence in Los Angeles County, California.  Plaintiff's purchase was made in reliance on Defendant's advertising claims that users of the product would experience improved strength, balance, and flexibility, along with physiological improvements.  The product did not provide the benefits promised.

14.      Defendant Power Balance LLC ("Power Balance") is a Delaware Limited Liability Company with headquarters at 30012 Ivy Glenn, Suite 180,

DOCS\544725v1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Laguna Niguel, California 92677.  Plaintiff is informed and believes and thereon alleges that Defendant markets, sells, and distributes Power Balance jewelry throughout the State of California, the entire United States, and foreign nations such as Australia.

15.    Plaintiff is informed and believes and thereon alleges that Defendant financially benefited from acts mentioned herein.

16.    Plaintiff is informed and believe and based thereon alleges that at all times herein mentioned Defendant is a company, corporation, business entity, and partnership, licensed to do business and actually doing business in the State of California.  As such, and based upon all the facts and circumstances incident to Defendant's business in California, Defendant is subject to California Business and Professions Code §§ 17200 *et seq.*, California Business and Professions Code §§ 17500 *et seq.*, and the Consumers Legal Remedies Act.

17.    Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned, Defendant was a member of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

18.    Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned, Defendant, ratified each and every act or omission complained of herein.  At all times herein mentioned, Defendant aided, abetted, and consented to the acts and omissions in proximately causing the injuries and damages herein alleged.

### THE FACTS

19.    Power Balance was founded in 2007.  Since that time, Defendant marketed and sold Power Balance jewelry in multiple markets throughout the world, including the United States, Europe, Asia, and Australia.

COMPLAINT FOR UNFAIR BUSINESS PRACTICES, FALSE ADVERTISING,
VIOLATIONS OF CONSUMERS LEGAL REMEDIES ACT
DOCS\544725v1

20.    Defendant alleged that Power Balance jewelry contains one or two "Mylar holograms" designed to react with the body's natural energy flow. These holograms are purportedly designed to respond to the body's natural field of energy, resulting in the user experiencing improved strength, balance, and flexibility.

21.    Defendant used false, deceptive, or misleading advertising claims regarding the benefits that a consumer can expect from wearing Power Balance jewelry. Such claims are stated on the products' packaging and through paid spokesmen, the Power Balance website, in-store displays, live demonstrations, press releases, and various forms of other marketing. Specifically, the Power Balance website currently includes statements such as:

(a)    <u>What Does It Do</u>:    The Power Balance bracelet contains a Mylar hologram designed to react with the body's natural energy flow;

(b)    <u>How Does the Hologram Work</u>:    The hologram in Power Balance is designed to respond to the natural energy field of the body. The Mylar material at the core of Power Balance has been treated with energy waves at specific frequencies. The resulting Mylar is believed to resonate and work with your body's natural energy flow to help enable you to perform at the best of your ability; and

(c)    Power Balance is designed to help make you as strong as you should be by interacting with your body's natural energy field.

22.    Defendant's website also contained the following false, deceptive, or misleading advertising claims until it was recently amended:

(a)    Unlike many other ionic electro-magnetic devices, the Power Balance Holographic disks begin to work almost instantly, restoring optimal electro-magnetic balance and promoting free flowing energy pathways....NO PROMISES, JUST RESULTS;

COMPLAINT FOR UNFAIR BUSINESS PRACTICES, FALSE ADVERTISING,
VIOLATIONS OF CONSUMERS LEGAL REMEDIES ACT

DOCS\544725v1

(b)     The benefits are clear: faster synaptic response (brain function), enhanced muscle response (in both fast and slow twitch tissues), increased stamina (better oxygen uptake and recovery), more flexibility (faster recovery), and vastly improved gravitational balance;

(c)     The high density Disk acts much like a switch, resonating within your system and turning on your energy field while it clears the pathways so the electro-chemical exchange functions like the well tuned generator it was designed to be; and

(d)     When the static Power Balance Hologram comes in contact with your body's energy field, it begins to resonate in accordance with each individual's biological, creating harmonic loop that optimizes your energy field and maintains maximum energy flow while clearing the pathways so the electro-chemical exchange functions like the well tuned generator it was designed to be;

(e)     Power Balance Performance Technology has been embedded with naturally occurring frequencies found in nature that have been known to react positively with the body's energy field.  This helps to promote balance, flexibility, strength and overall wellness; and

(f)     Your body's energy field likes things that are good for it and craves to be around those things.  At Power Balance, we have taken a few or those items and through advances in technology, have been able to duplicate those positive energies and imprint them onto our holographic media.

23.     In an interview posted on the internet on September 16, 2009, Keith Kato, the owner, director and CFO of Defendant Power Balance LLC, stated that Power Balance jewelry promises to boost the body's self defense mechanisms creating the immediate benefits of strength, balance and flexibility gain.[1]

---

[1] http://www.self.com/fitness/blogs/freshfitnesstips/2009/09/wacky-but-it-works-wednesday-p.html (last visited January 21, 2011).

COMPLAINT FOR UNFAIR BUSINESS PRACTICES, FALSE ADVERTISING,
VIOLATIONS OF CONSUMERS LEGAL REMEDIES ACT

DOCS\544725v1

24.    In a February 26, 2010 interview with an online magazine, Josh Rodarmel, the owner, director, and CEO of Defendant Power Balance LLC stated:

Q:    "Can you discuss how these Power Balance products benefit the athletes or the weekend warrior?"

A:    "We put frequencies in the holograms that react positively with your body's energy field…We figured out how to put these in the hologram so when it comes into contact with your body, it gives you that added balance, strength, flexibility.  We can demonstrate that through the different muscle tests."

Q:    "How does this product specifically aid a Basketball player?"

A:    "…Lot's of endurance and stamina.  There are obviously different balance and flexibility benefits that the elite athletes tend to notice more, rather than people like me that aren't very athletic and play for fun."

Q:    "What do you say to people who are skeptical?"

A:    "Everybody is skeptical when they first hear about it.  They say it doesn't make sense and it has to be psychological.  It's not. …"[2]

25.    In reality, however, Defendant's advertising is not supported by any credible scientific evidence.  As a result, Defendant's statements are false, deceptive, and misleading to a reasonable consumer.

26.    In fact, Defendant acknowledged that in conjunction with the sale of Power Balance jewelry, it employed advertising claims that were deceptive and misleading to a reasonable consumer.

27.    The Australian Competition and Consumer Commission investigated Defendant's advertising claims under the Australian Trade Practices Act of 1974.

---

[2] http://www.slamonline.com/online/nba/2010/02/power-balance-hits-the-nba/ (last visited January 21, 2011).

COMPLAINT FOR UNFAIR BUSINESS PRACTICES, FALSE ADVERTISING,
VIOLATIONS OF CONSUMERS LEGAL REMEDIES ACT

Pursuant to this Australian statute, "A corporation shall not, in trade or commerce, engage in conduct that is misleading or deceptive or is likely to mislead or deceive."

28.    The Australian Competition and Consumer Commission determined that:

> "Power Balance Australia Pty Ltd (Power Balance) claimed that their wristbands and pendants improve balance, strength and flexibility and worked positively with the body's natural energy field.   It also marketed its products with the slogan "Performance Technology." These claims made by Power Balance were not supported by any credible scientific evidence and therefore Power Balance has admitted that it has engaged in misleading and deceptive conduct in breach of s 52 of the Trade Practices Act 1974."[3]

29.    On or about December 22, 2010, Defendant issued a statement in response to the investigation, which stated:

> "In our advertising we stated that Power Balance wristbands improved your strength, balance and flexibility."

> "We admit that there is no credible scientific evidence that supports our claims and therefore we engaged in misleading conduct in breach of § 52 of the Trade Practices Act 1974."

> "If you feel you have been misled by our promotions, we wish to unreservedly apologize and offer a full refund."[4]

30.    Additionally, on or about December 23, 2010, the Italian government's anti-trust agency issued a 350,000 Euro fine against Power

---

[3] http://www.accc.gov.au/content/index.phtml/itemId/964074 (last visited January 21, 2011).

[4] http://www.Powerbalance.com/australia/CA (last visited January 21, 2011).

Balance's Italian subsidiary, based on the fact that there was no credible scientific evidence supporting Defendant's false, deceptive, and/or misleading advertising claims.

31.    Plaintiff is informed, believes, and thereon alleges that Defendant substantively modified its websites and advertising statements as to eliminate certain claims previously visible to the public while under investigation by the Italian government's anti-trust agency and/or pending the ruling by the Australian Competition and Consumer Commission.

32.    Defendant's publication of the statement in response to the Australian Competition and Consumer Commission's investigation acknowledges that Defendant did not have any credible scientific evidence to support its advertising claims.    Consequently, Defendant acknowledges that its representations of improved strength, balance, flexibility, and/or athletic performance were false, misleading, or deceptive.    Defendant had no reasonable ground for making the representations repeated herein aside from intentionally and fraudulently inducing Plaintiff and the Class he seeks to represent into purchasing its products.

33.    Nonetheless, Defendant continues to promote, advertise, sell, and distribute its Power Balance jewelry to consumers in California and throughout the nation as improving the user's strength, balance, flexibility, and/or athletic performance.    As such, Defendant continues to profit from false, misleading, or deceptive advertising claims.

## CLASS ACTION ALLEGATIONS

34.    Proposed Class.  Pursuant to Rule 23 (a) & (b) of the Federal Rules of Civil Procedure, Plaintiff seeks to represent a Nationwide Class that is composed of:

All persons or entities who purchased Power Balance jewelry (including but not limited to Power Balance Bracelets, Wristbands,

DOCS\544725v1

Necklaces, and Pendants) in the United States for purposes other than resale or distribution at any time within the four years preceding the filing of this Complaint.

35.   <u>Numerosity</u>:  Although the precise number of Class Members is not presently known to Plaintiff, Plaintiff is informed and believes that the number of persons falling within the Class identified above is well in excess of 100,000 people, rendering joinder of all such members impracticable.  Knowledge as to the precise number of class members is presently within the sole control of the Defendant.

36.   <u>Commonality</u>:  There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact common to the Class predominate over questions which may affect individual Class members.  These questions of law and fact include, but are not limited to, the following:

(a)   Whether Defendant, through its course of conduct alleged herein, violated Cal. Bus. & Prof. Code §§ 17200 *et seq.* by engaging in unlawful, unfair, fraudulent, and/or deceptive practices;

(b)   Whether Defendant, through its course of conduct alleged herein, violated Cal. Bus. & Prof. Code §§ 17500 *et seq.* by making statements constituting untrue and/or misleading advertising;

(c)   Whether Defendant had adequate substantiation for its claims that Power Balance jewelry had certain characteristics or benefits prior to disseminating them;

(d)   Whether Defendant knew that its representations were false but continued to make them;

(e)   Whether Defendant's claims are true, misleading, or reasonably likely to deceive;

(f)     Whether members of Plaintiffs' class were caused damage, and if so, what is the measure of damages; and

(g)     Whether Defendant was unjustly enriched as a result of its wrongful course of conduct as herein alleged, and if so, the amount that Defendant was unjustly enriched.

37.     <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the Class he seeks to represent.  Plaintiff and the proposed Class Members were affected by Defendant's uniform course of conduct, e.g., Defendant deceived Plaintiff in the same manner that it deceived each member of the Class.

38.     <u>Adequacy of Representation</u>:  Plaintiff will fairly and adequately represent and protect the interests of the Class in that he has no disabling conflicts of interest that would be antagonistic to other members of the Class.  Additionally, Plaintiff seeks relief that is not antagonistic or adverse to the members of the Class in that the infringement of Plaintiff's rights and the damages Plaintiff has suffered are typical of all other members of the Class.  Moreover, Plaintiffs have retained counsel that is competent and experienced in complex consumer class actions.

39.     <u>Superiority of Class Action</u>:  A class action is superior to other available methods for the fair and efficient adjudication of this litigation — particularly considering the nature of this action and the format of laws available to Plaintiffs and the Class - as the damages suffered by individual members of the Class may be relatively small and the expense and burden of individual litigation make it virtually impossible for Class Members to vigorously prosecute a lawsuit against corporate defendants.  In cases such as this, the likelihood of individual Class Members prosecuting separate claims is remote and class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and judicial system.  Further, if each employee were required to file an individual lawsuit, the corporate defendants

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior legal and financial resources.   Class treatment is also superior because it will obviate the need for unduly duplicative litigation that might result inconsistent or varying adjudications with respect to individual Class Members against Defendant.

40.   Adequate notice can be given to class members directly using information maintained in Defendant's or its direct purchasers' records, or through notice by publication.

41.   Damages may be calculated, in part, from the sales information maintained in Defendant's records, so that the cost of administering a recovery for the Class can be minimized.   As such, the precise amount of damages available to Plaintiff and the Class is not a barrier to class certification.

42.   Unless a class is certified, Defendant will retain monies received as a result of its conduct that was taken from Plaintiff and the Class.   Unless a class-wide injunction is issued, Defendant will continue to commit the violations alleged herein, and the Class will continue to be deceived.

## COUNT I
## FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *et seq.*

### (By Plaintiff against Defendant)

43.   Plaintiff incorporates by reference and realleges all paragraphs previously alleged, as if fully set forth herein.

44.   California Business & Professions Code § 17200 provides that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice."   Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of unfair business practices.

45.   As alleged herein above, Defendant engaged in a systematic campaign of selling, distributing, advertising, and marketing Power Balance jewelry as improving the strength, balance, flexibility, and/or athletic performance of the user.

46.   Defendant does not have the requisite competent and reliable scientific evidence to support the claims about the Power Balance products made in Defendant's advertising.

47.   Defendant is, as set forth above, aware that the claims that it make about the Power Balance products are false, misleading and unsubstantiated.

48.   As a proximate result of Defendant's conduct alleged herein, Plaintiff and members of the Class were exposed to these misrepresentations, purchased a Power Balance product in reliance on these misrepresentations, and suffered monetary loss as a result.  They would not have purchased said products had they known them to be devoid of any of the claimed benefits.

49.   Defendant made such misrepresentations despite the fact that it knew or should have known that the statements were false, misleading, and/or deceptive.

50.   Defendant's business practices, as alleged herein, are fraudulent and/or deceptive within the meaning of Business and Professions Code §§ 17200 *et seq.* because Defendant's packaging, labeling, advertising, and marketing attributed false benefits to users of Power Balance jewelry.  As a result of such practices, reasonable consumers and members of the public were likely to be deceived regarding the benefits of wearing Power Balance jewelry as set forth herein.

51.   Defendant's business practices, as alleged herein, are unfair and misleading within the meaning of Business and Professions Code §§ 17200 *et seq.* because the harm caused to the public as a result of such practices far outweighs any benefit conferred.

52.     Defendant's business practices, as alleged herein, are unlawful within the meaning of Business and Professions Code §§ 17200 *et seq.* because they constitute violations of Business and Professions Code §§ 17500 *et seq.* and California Civil Code § 1750 ("Consumer Legal Remedies Act"), as set forth herein.

53.     As a direct and proximate result of Defendant's unlawful and fraudulent acts, Plaintiff and Class members have suffered injury in fact and lost money.

54.     Defendant continues to engage in the above-described deceptive acts and/or practices.  Defendant's unlawful, unfair and fraudulent business practices as alleged above present a continuing threat to Plaintiff, the Class, and members of the public.

55.     There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

56.     Plaintiff is informed and believes and thereon alleges that Defendant failed and refused, and in the future will fail and refuse, to cease unfair, fraudulent, or deceptive practices.  Plaintiff is informed and believes and thereon alleges that Defendant will continue to do those acts unless this Court orders Defendant to cease and desist pursuant to California Business & Professions Code § 17203.

57.     Pursuant to Business & Professions Code §§ 17203 and 17535, Plaintiff and the members of the Classes seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice of advertising the sale and use of Power Balance Products.  Likewise, Plaintiffs and the members of the Classes seek an order requiring Defendant to disclose such misrepresentations, and additionally request an order awarding Plaintiffs restitution of the money wrongfully acquired by Defendant by means of responsibility attached to

DOCS\544725v1

Defendant's failure to disclose the existence and significance of said misrepresentations.

## COUNT II
## FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS & PROFESSIONS CODE § 17500 *et seq.*

(By Plaintiff against Defendant)

58.   Plaintiff incorporates by reference and realleges all paragraphs previously alleged, as if fully set forth herein.

59.   California Business & Professions Code §§ 17500 *et seq*. makes it "unlawful for any person, . . . corporation or association, or any employee thereof with intent directly or indirectly to dispose of ... personal property ... or anything of any nature whatsoever ... to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatsoever, including over the Internet, any statement, concerning that ... personal property ... or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable case should be known, to be untrue or misleading…"

60.   This cause of action is brought on behalf of Plaintiff individually and on behalf all consumers similarly situated who at any time within the four years preceding the filing of this Complaint purchased an item of Power Balance jewelry after having been exposed to Defendant's advertising statements as set forth herein.  Plaintiff has standing to pursue this claim, as he has suffered injury in fact and has lost money as a result of Defendant's false advertising and unfair business practices.

61.   As alleged herein above, Defendant has engaged in a systematic campaign of advertising and marketing Power Balance jewelry as improving the

DOCS\544725v1

strength, balance, flexibility, and/or athletic performance of the user.  Defendant disseminated or caused to be disseminated this deceptive advertising to the general public through various forms of media, including but not limited to product packaging, labeling, advertising and marketing.   However, Defendant acknowledged it had no credible or competent scientific evidence supporting the representations that the Power Balance jewelry had the benefits or properties as advertised.

62.   Defendant's actions described herein constitute deceptive advertising within the meaning of California Business and Professions Code §§ 17500 *et seq*.

63.   As a proximate result of Defendant's above-mentioned conduct, Plaintiff and members of the Class were exposed to these misrepresentations, purchased a Power Balance product in reliance on these misrepresentations, and suffered monetary loss as a result.  They would not have purchased said products had they known them to be devoid of any of the claimed benefits.

64.   Defendant made such misrepresentations despite the fact that it knew or should have known that the statements were false, misleading, and/or deceptive. Plaintiff and member of the Class are entitled to restitution of such monies in an amount to be established by proof at the time of trial.

65.   There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

66.   Plaintiff is informed and believes and thereon alleges that Defendant failed and refused, and in the future will fail and refuse, to cease deceptive advertising practices.  Plaintiff is informed and believes and thereon alleges that Defendant will continue to do those acts unless this Court orders Defendant to cease and desist pursuant to California Business & Professions Code § 17535.

67.   Pursuant to Business & Professions Code §§ 17203 and 17535, Plaintiff and the members of the Classes seek an order of this Court enjoining

Defendant from continuing to engage, use, or employ its practice of advertising the sale and use of Power Balance Products.  Likewise, Plaintiffs and the members of the Classes seek an order requiring Defendant to disclose such misrepresentations, and additionally request an order awarding Plaintiffs restitution of the money wrongfully acquired by Defendant by means of responsibility attached to Defendant's failure to disclose the existence and significance of said misrepresentations.

## COUNT III
## VIOLATION OF CALIFORNIA CIVIL CODE § 1750 *et seq.*

(By Plaintiff against Defendant)

68.    Plaintiff incorporates by reference and realleges all paragraphs previously alleged, as if fully set forth herein.

69.    The Consumers Legal Remedies Act ("CLRA") applies to Defendant's actions and conduct as described herein because it extends to transactions that are intended to result, or which have resulted in the sale of goods or services to consumers.

70.    Plaintiff and each member of the Class is a consumer as defined by the CLRA.

71.    The products described herein, including wristbands, necklaces, and pendants are "goods" within the meaning of California Civil Code § 1761(a).

72.    Defendant is either a supplier or seller as defined by the CLRA.

73.    Defendant's conduct described herein involves consumer transactions as defined by the CLRA.

74.    Defendant violated California Civil Code § 1770(a)(5) by representing that the Power Balance jewelry had characteristics, uses, and benefits that it did not have, including representations that Power Balance jewelry improved the strength, balance, flexibility, and/or athletic performance of the user.

DOCS\544725v1

75.    Although Plaintiff and members of the Class relied statements regarding the product's ability to improve strength, balance, flexibility, and/or athletic performance, Defendant acknowledged that such representations were false, misleading, and/or deceptive and unsupported by any credible and/or competent scientific evidence.

76.    Plaintiff disclaims any claim for damages under the CLRA but, pursuant to California Civil Code § 1780, seeks an order of this Court enjoining Defendant from continuing to engage, use, or employ any act prohibited by California Civil Code § 1770 *et seq*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and members of the Class pray for judgment as follows:

A.    For an Order certifying this action as a class action under Rule 23 of the Federal Rules of Civil Procedure, appointing Ian Delizo as class representative, appointing his counsel as class counsel, and directing that reasonable notice of this action be given to members of the Class;

B.    For an Order finding and declaring Defendant's acts and practices as challenged herein unlawful, unfair, deceptive and/or fraudulent in violation of California Business and Professions Code §§ 17200 *et seq*., 17500 *et. seq*. and California Civil Code §§ 1750 *et seq*.

C.    For an Order preliminarily and permanently enjoining Defendant from engaging in the practices complained of and alleged herein;

D.    Pursuant to Counts 1 and 2, for an Order requiring Defendant to make restitution of all revenues, earnings, compensation and benefits obtained as a result of Defendant's wrongful conduct;

DOCS\544725v1

E.      Pursuant to Counts 1 and 2, for prejudgment interest to the extent permitted by law;

F.      Pursuant to Counts 1 and 2, for an award of attorneys' fees, costs, and expenses incurred in the investigation, filing, and prosecution of this action to the extent permitted by law; and

G.      For any other injunctive or declaratory relief as is necessary to protect the interests of Plaintiff and the Class;

H.      For any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial in the above-captioned matter.

DATED: January 26, 2011

MILBERG LLP
JEFF S. WESTERMAN

JEFF S. WESTERMAN

300 South Grand, Suite 3900
Los Angeles, California 90071
Telephone:  (213) 617-1200
Facsimile:  (213) 617-1975
Email:  jwesterman@milberg.com

MARKUN ZUSMAN & COMPTON LLP
JEFFREY K. COMPTON
WILLIAM A. BAIRD
17383 Sunset Boulevard, Suite A380
Pacific Palisades, California 90272
Telephone:  (310) 454-5900
Facsimile:  (310) 454-5970
Email:  jcompton@mzclaw.com
tbaird@mzclaw.com

- 19 -

DOCS\544725v1

Name & Address:
MILBERG LLP
JEFF S. WESTERMAN (SBN 94559)
jwesterman@milberg.com
300 South Grand, Suite 3900
Los Angeles, California 90071
Telephone: (213) 617-1200    Facsimile: (213) 617-1975

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN DELIZO, an individual,<br><br>PLAINTIFF(S)<br>v.<br><br>POWER BALANCE LLC, a Delaware Limited Liability Company and DOES 1 through 100, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>SACV11-00151 AG (JCx)<br><br><br><br>SUMMONS |

TO:    DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Jeff S. Westerman_____, whose address is _Milberg LLP, 300 South Grand Avenue, Suite 3900, Los Angeles, CA 90071_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __JAN 26 2011_____        By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself □)<br>IAN DELIZO, an individual, | **DEFENDANTS**<br>POWER BALANCE LLC, a Delaware Limited Liability Company and DOES 1<br>through 100, inclusive, |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing<br>yourself, provide same.)<br><br>MILBERG LLP<br>300 South Grand, Suite 3900, Los Angeles, California 90071<br>Telephone: (213) 617-1200 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Unfair business practices (Bus. & Prof. Code § 17200 et seq.); False Advertising (Bus. & Prof. Code § 17500 et seq.) & Violation of CLRA (Cal. Civil Code § 1750 et seq.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | |
| | ☐ 290 All Other Real Property | | | | |

## SACV11-00151 AG (JCx)

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No  ☑ Yes
If yes, list case number(s):  CV 11-00018, CV 11-00025, CV 11-00049, CV 11-00075, CV 11-00670

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☑ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☑ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☑ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):**  _Jff S Westerman / AJS_           Date  January 26, 2011

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |